[Tolleson *et al.* v. The State.]

# Tolleson *et al.* *v.* The State.

*Summary Proceedings upon an Appeal Bond from a Justice of the Peace Court.*

1. *Appeal from conviction before justice of the peace; sufficiency of bond; summary judgment.*—The bond which the statute prescribes for the taking of an appeal from a judgment of conviction by a justice of the peace, (Code, § 4640), is in effect, an appearance or bail bond, and the designation of the term of the court at which the principal is required to appear, is essential to a substnatial compliance with the form of the bond as prescribed by statute, (Code, § 4362); and, therefore, the omission in such an appeal bond to state the term of the court at which the defendant was to appear, renders the same fatally defective as a statutory bond, and for that reason such bond is not subject to enforcement by summary statutory remedy.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The appeal in this case is prosecuted by the appellants as sureties on the appeal bond of the defendant, convicted. before a justice of the peace, from a judgment final for default of their principal. The facts of the case are sufficiently stated in the opinion.

GORDON MACDONALD, for appellant, cited *Cobb v. Thompson,* 87 Ala. 381.

MASSEY WILSON, Attorney-General, for the State, cited *Mooney v. People,* 134 Ill. 134; *Prosbeck v. State,* 38 Ohio St. 606; 1 Ency. Pl. & Pr. 1019 and cases cited to notes 1 and 2.

DOWDELL, J.—One John L. Johnson was tried and convicted before a justice of the peace on a charge of obtaining money under false pretenses, and was fined

twenty dollars. From the judgment of the justice he appealed to the city court of Montgomery, and gave bond with appellants as his sureties. He made default and judgment *nisi* was rendered by the city court against him and his said sureties. *Sci. fa.* was issued and returned executed as to the sureties, but not found as to the defendant. The appellants, sureties, appeared and objected to a judgment final on the ground that the bond was not a statutory bond, and for that reason was not subject to enforcement by summary statutory remedy.

The bond in question has the following condition : "unless John L. Johnson appears at the ——— term of the city court of Montgomery, and from day to day thereof, and from term to term thereafter until discharged by law to answer," etc. The appellants insist that the blank in the bond renders it fatally defective as a statutory bond. It appears from the record that the appeal was taken from the judgment of the justice of the peace on a final trial before such justice, and wherein a fine of twenty dollars was imposed upon the defendant. The appeal was necessarily taken under section 4640 of the Criminal Code, and there is no other statute authorizing an appeal in such cases. Section 4640 reads as follows : "Appeal to circuit or city courts; appeal bond.—In cases tried before a justice of the peace, the defendant, if convicted, shall have the right to appeal to the next ensuing term of the circuit or city court of the county, on entering into bond, with sufficient sureties, in such sum as the justice may require, conditioned that he will appear at the court to which the appeal is taken, until discharged by due course of law." The bond provided for in this statute is in effect, and nothing more than an appearance or bail bond. The summary remedy adopted in this case for its enforcement, is purely statutory, and by the statute is made applicable to appearance or bail bonds. Section 4362, Criminal Code, prescribes the form for the undertaking of bail, and with which there must be a substantial compliance.

The term of the court at which the principal in the bond is required to appear, and which is essential in a substantial compliance with the prescribed form, is

[City Delivery Co. v. Henry.]

omitted from the bond, and this omission renders the same fatally defective as a statutory bond, and, therefore, not enforceable by the summary statutory remedy here attempted to be applied.

It follows that the judgment of the city court must be reversed, and a judgment will be here rendered in favor of the defendant sureties.

Reversed and rendered.